[No. 1172. Decided March 27, 1894.]

THE STATE OF WASHINGTON, *on the relation of M. S. Bittencouer et al., Respondents,* v. T. W. GORDON, *Clerk of the Superior Court, Appellant.*

COSTS— FEES OF COUNTY CLERK— FILING TRANSCRIPT OF JUDG-
MENT OF JUSTICE OF PEACE.

The provision of Laws 1893, p. 425, requiring the party institut-
ing any action or proceeding to pay a fee of four dollars when the
cause is entered in the court, or when the first paper on his part is
filed therein, has no application to the filing and entry of a tran-
script of a judgment of a justice of the peace in the execution
docket of the county clerk.

*Appeal from Superior Court, King County.*

*John F. Miller,* and *A. G. McBride,* for appellant.
*Ralph Simon,* for respondents.

The opinion of the court was delivered by

ANDERS, J.— On July 1, 1893, the respondents, as part-
ners, under the firm name of the Queen City Provision
Company, recovered a judgment against one C. B. Wals-
worth, before a justice of the peace in and for King county.
For the purpose of causing the said judgment to become a
lien on the real estate of the defendant, the respondents
tendered a duly certified transcript thereof, together with
ten cents for filing the same, and fifteen cents for each
folio therein contained, to the appellant, and requested him,

as county clerk and *ex officio* clerk of the superior court of King county, to file and enter said transcript in his execution docket.   The clerk demanded a fee of four dollars, which sum the respondent refused to pay, whereupon he declined to file the transcript.   To compel the clerk to comply with their request the respondents instituted this proceeding.

The appellant contends that the amount demanded by him was the fee fixed by statute for the services required, and he bases his contention upon the provisions of § 2 of the fee act, approved March 15, 1893, the material portion of which, so far as the question now under consideration is concerned, is as follows:

''The plaintiff or other party instituting any such action or proceeding shall pay, when the cause is entered in the court, or when the first paper on his part is filed therein, a fee of four dollars ($4.00).''   Laws 1893, p. 425.

Now, it seems plain that the fee prescribed in this section of the statute can only be exacted from a party who institutes in the superior court an *action* or *proceeding*. That the filing of a transcript of a judgment of a justice of the peace, by the county clerk, is not the commencement of an action, can hardly be controverted.   Is it, in legal contemplation, a proceeding?   The appellant claims that it is, because such filing enables the plaintiff to execute his judgment.

But, in our opinion, his position is entirely untenable. Generally a proceeding, in contemplation of law, means any application, however made, to a court of justice for the purpose of having a matter in dispute judicially determined.   The mere doing of a ministerial act by a non-judicial officer is not such a proceeding as is provided for in the section of the statute relied on by the appellant. This, we think, is evident from the language there used, irrespective of any other consideration.   The fee there

mentioned is payable when the *cause* is entered in the court, etc., and a cause is defined to be an action at law, a suit at law or in equity, a judicial proceeding. Anderson, Law Dict., tit. "Cause," subd. 3. While our legislature has not, in specific terms, defined the meaning of the word proceeding, it has done so inferentially in many cases. For example, an application for a writ of mandate is denominated a proceeding (see Code Proc., § 745), and so is an application for a writ of *ne exeat* (*Id.*, § 754).

Whenever a controversy is determined summarily, without the intervention of a jury, the method of disposing of it may be designated as a proceeding, in contradistinction to an ordinary trial which proceeds according to the course of the common law.

The judgment of the lower court is affirmed.

DUNBAR, C. J., and SCOTT and STILES, JJ., concur.

HOYT, J., dissents.